## C. F. RUDOLPH v. J. B. SNEED.

Decided January 30, 1904.

**Contract—Construction.**

A contract provided that plaintiff was to furnish 510 steers and defendant was to pasture and feed them until ready for market, and when they were sold plaintiff was first to receive of the proceeds $17 per head for 500 of them and $12.50 for all over that number, and the remaining proceeds were to be divided equally. Defendant was to be responsible for all cattle that should be missing, save those that might die from natural cause. At the time of sale only 354 of the cattle were alive. Held, that plaintiff was not entitled to reserve $17 per head for 500 head, but only for so many as did not die from natural causes.

Appeal from the District Court of Sherman. Tried below before Hon. Ira Webster.

*S. T. Fagan* and *Simmons, Tankersley & Clendenen,* for appellant.

*Turner & Boyce* and *Browning, Madden & Trulove,* for appellee.

SPEER, ASSOCIATE JUSTICE.—The appellee, J. B. Sneed, sued the appellant, C. F. Rudolph, in the District Court of Sherman County, to recover damages in the sum of $3862.50 for the alleged breach of the following contract:

"State of Texas, County of Sherman. Know all men by these presents: That we, J. B. Sneed, of Childress County, and C. F. Rudolph, of Sherman County, have entered into the following contract or agreement, to wit: Said C. F. Rudolph agrees to take for pasturage from the said Sneed about 510 yearling steers, all branded the letter V on the right hip, and marked crop off right ear. Said cattle are to be pastured by the said Rudolph for one year or longer, if the said Sneed may desire, or until the same can be sold for a reasonable or fair market price, during which time they are to be salted and fed by said Rudolph, and to this end the said Rudolph puts in or contributes all the hay and feed stuff or forage crop that has been raised or may be owned by him on his place, save what may be fed to herd of stock cattle and horses now owned by the said Rudolph, and that which may not be consumed or needed for steers. Said Rudolph hereby agrees to give the best care and attention to said cattle at all times, and upon his failure to do so at any time for any cause, the said Sneed hereby reserves the right to provide such for said cattle at the expense of the said Rudolph, and to move said cattle, if necessary, without incurring any responsibility to the said Rudolph for pasturage, such necessity to be determined by the said Sneed.

"It is generally understood between the parties hereto, that the said cattle are to be sold in the spring and summer of 1903, but no sales shall be made except by the said Sneed. The said Sneed agrees, however, not to sell said cattle prior to the above named time without the

consent of the said Rudolph. The following division of the proceeds arising from the sale of said cattle shall be made, to wit: There shall first be deducted and paid to the said Sneed, from the proceeds arising from the sale of said cattle, the sum of $17 per head for five hundred head, and $12.50 per head for all over five hundred head, that may be turned over to said Rudolph for pasturage by said Sneed.

"It is also agreed that if cattle are not sold before June 1st next and paid for by buyer, then there shall also be deducted from the proceeds of the sale of said cattle the sum of 8 per cent per annum on the above valuation of said cattle, from June 1st next, until cattle are sold. The profits then remaining shall be divided equally between the parties hereto. The said Rudolph agrees to deliver said cattle to any railroad pens or shipping station to be designated by buyer of said cattle, within radius of twenty miles of ranch.

"The said Rudolph also agrees to be responsible for all cattle that may be missing when cattle are sold or taken out of his pasture, save those that may die from natural causes, i. e., some disease, etc., and he is to furnish the hides as evidence of such death. The amount to be paid for such missing cattle shall be the same as that for which cattle may be sold in the spring. The said Rudolph further agrees to erect an additional first-class windmill on his place and to erect a windbreak for cattle, about three hundred feet long and eight feet high.

"J. B. SNEED,
"C. F. RUDOLPH."

The first assignment of error is overruled, because we are of the opinion that the court placed the proper construction upon the contract when he permitted appellee to recover the item of $275 for additional feed for his cattle made necessary by the failure of appellant to supply such feed. Nor do we think the second assignment of error presents ground for reversal, but we are of opinion the judgment must be reversed because of the peremptory charge to find against the defendant on his plea in reconvention. The facts show that appellee, on about March 30th, sold all the cattle that were then alive, to wit, 354 head, at $20 per head, and failed to account to appellant for any part of the proceeds of the same. Appellant pleaded, and here contends, that he was in nowise at fault in the matter of caring for and attending to said cattle under the contract, and that those that died were not chargeable to him under the terms of the contract, and that he is entitled to recover his share of the excess above $17 per head brought by the 354 head. In reply to the assignments presenting this question, the appellee suggests that under the terms of the contract he is entitled to retain out of the proceeds of the sale of said cattle the sum of $17 per head for 500 head, and $12.50 per head for ten head, this being the total number delivered to appellant under the contract. This, it will be seen, would amount to $8625, while the cattle sold brought only the sum of $7080, thus, according to of more than $1500; but we can not adopt this view of the contract.

This would, of course, be making appellant responsible for all of the appellee's contention, leaving him short of his just deserts in the sum cattle delivered to him, irrespective of the question of the cause of their loss, while the contract upon this feature stipulates that he agrees to be responsible for all cattle that may be missing when cattle are sold or taken out of his pasture, save those that may die from natural causes, i. e., some disease, etc., and he is to furnish the hides as evidence of such death. This clearly indicates that he was not to be responsible for those cattle which died by reason of disease, or other causes over which he had no control; and considering the contract as a whole, it is evident to our minds that such was the purpose and intention of the parties to that instrument. So that it will be seen that the court erred in not submitting to the jury the question of whether or not, under all the circumstances, appellant was entitled to recover on his plea in reconvention against the appellee. For this error the judgment is reversed and cause remanded.

*Reversed and remanded.*